IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| REGINALD LEVON ANDERSON, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
| vs.  ) | Case No. 7:13-cv-02105-LSC-TMP |
|  ) | |
| BAILEY, *chief, et al.*, ) | |
|  ) | |
| Respondents. ) | |

## MEMORANDUM OF OPINION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his conviction and sentence. Reginald Levon Anderson ("Petitioner") is currently incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. Having carefully reviewed and considered all the materials in the court file, the Court enters the following memorandum of opinion.

## PROCEDURAL HISTORY

On May 20, 2013, Petitioner pled guilty in the Circuit Court of Tuscaloosa County to first-degree possession of marijuana and unlawful sale or distribution of marijuana. He was sentenced that same day to 130 months imprisonment for each conviction, to be served concurrently with each other and with sentences imposed on three 2012 convictions. Petitioner did not appeal the May 20, 2013, convictions and sentence. He also did not file

a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

Petitioner filed the instant *pro se* petition for writ of *habeas corpus* on November 17, 2013. Pursuant to the court's Order to Show Cause, the respondents filed an answer to the petition on December 4, 2013. On December 23, 2013, Petitioner filed a second petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254[1], and on December 29, 2013, Petitioner filed a third petition pursuant to 28 U.S.C. § 2254.[2] Petitioner's *habeas* petition, as amended, asserts the following claims:

    (1) his convictions were obtained by using a coerced confession;

    (2) his guilty pleas were involuntary;

    (3) he was denied effective assistance of counsel;

    (4) his conviction for unlawful possession of marijuana violated his protection against double jeopardy;

    (5) he was denied drug treatment by the trial court during a hearing at which his counsel was not present; and

    (6) he was not given access to the law library, preventing him from filing an earlier appeal.

By order dated March 27, 2014, the court directed the clerk's office to file the documents contained within the two subsequent *habeas* petitions as amendments to the instant petition. On the same day, the court ordered that the respondents address all claims made in

---

[1] This petition was styled as 7:13-cv-2354-RDP-TMP.

[2] This petition was styled as 7:13-cv-2353-WMA-TMP.

Petitioner's amendments. The respondents filed a second answer on April 16, 2014, addressing Petitioner's *habeas* petition, as amended. By order dated April 17, 2014, Petitioner was notified that the case was ripe for summary disposition and was allowed twenty (20) days to supply any additional evidentiary materials or legal arguments with regard to whether the petition is subject to summary disposition. Petitioner has not responded to the notification.

## EXHAUSTION

An application for writ of *habeas corpus* will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." Ogle v. Estelle, 592 F.2d 1264, 1267 (5th Cir. 1979) (citing Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978)).[3] As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's convictions." Fay v. Noia, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the

---

[3] The Eleventh Circuit Court of Appeals has adopted as binding precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

law of the State to raise, by any available procedure, the questions presented." Rose v. Lundy, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 879 (1982).

The procedural history of this case indicates that the petitioner still has failed to present his claims in a manner in which the State could be afforded the opportunity to pass on the merits of the claims. The petitioner's claims have never been presented to any state court in a direct appeal or a petition for post-conviction relief, and are thereby unexhausted. However, it appears that there remains time under Rule 32.2(c) of the Alabama Rules of Criminal Procedure in which Petitioner could properly seek review of his claims in the state courts through the provisions for post-conviction relief set forth in Rule 32 of The Alabama Rules of Criminal Procedure.[4]  Accordingly, because the petition contains unexhausted claims, the *habeas* petition is due to be dismissed without prejudice.

## CONCLUSION

Because none of Petitioner's claims have been exhausted in state court, it is appropriate for this court to dismiss the petition without prejudice to permit the Petitioner an opportunity to exhaust all available state remedies as to the issues presented. By dismissing, the court will advance the goals of comity and allow the state courts an opportunity to review Petitioner's claims. This process also will provide an opportunity for those courts to develop a complete factual record which will be of assistance to this court should Petitioner be

---

[4] Alabama Rule of Criminal Procedure 32.2(c) states that "the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: . . . (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses. . ."

unsuccessful in the state courts and should he file another petition here after exhausting state remedies.

Accordingly, for the reasons stated above, the petition for *habeas corpus* relief under 28 U.S.C. § 2254 hereby is DISMISSED WITHOUT PREJUDICE.  A Final Judgment will be entered.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

Done this 15th day of May 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]